McGREGOR W. SCOTT
United States Attorney
S. ROBERT TICE-RASKIN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2738

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No. CR-S-05-344 EJG |
| Plaintiff, ) | |
| ) | PRELIMINARY ORDER OF FORFEITURE |
| v. ) | |
| SEREY VAN, ) | |
| Defendant. ) | |

Based upon the plea agreement entered into between plaintiff United States of America and defendant Serey Van, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1.   Pursuant to 18 U.S.C. § 982(a)(1), defendant Serey Van's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

   a.   Approximately $3,467.97 of the $17,457.84 in funds seized from Wells Fargo Bank account number 201-0938710 on or about February 23, 2005;

   b.   Approximately $120,000.00 in U.S. Currency seized from Washington Mutual Bank safe deposit box #C-249; and

   c.   Approximately $110,000.00 in U.S. Currency seized from Washington Mutual Bank safe deposit box #884.

2. Within forty-five (45) days from entry of a Final Order of Forfeiture forfeiting the above-listed property:

    a. The Department of Treasury shall pay $46,944.33 of the $61,010.13 in funds seized from Wells Fargo Bank account number 008-1479651 on or about February 23, 2005, to C & H International, a third-party creditor to defendant and co-defendant Thomas Van, and return the remaining balance of $14,065.80 to both defendants; and

    b. The Department of Treasury shall return to both defendants $13,989.87 of the $17,457.84 in funds seized from Wells Fargo Bank account number 201-0938710 on or about February 23, 2005.

3. The property listed in paragraph 1 above constitutes property involved in a violation of 18 U.S.C. § 1960, or is traceable thereto.

4. Pursuant to Rule 32.2(b), the Attorney General (or a designee) shall be authorized to seize the above-described property. The aforementioned property shall be seized and held by the Department of Treasury, in its secure custody and control.

5. a. Pursuant to 18 U.S.C. § 982(b)(1) incorporating 21 U.S.C. § 853(n) and Local Rule 83-171, the United States forthwith shall publish at least once for three successive weeks in the <u>Stockton Record</u> (San Joaquin County), a newspaper of general circulation located in the county in which the above-described property was seized, notice of this Order, notice of the Attorney General or Department of Treasury's intent to dispose of the property in such manner as the Attorney General or Department of Treasury may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed property must file a petition with the Court within thirty (30) days of the final

publication of the notice or of receipt of actual notice, whichever is earlier.

    b. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

    c. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 982(a)(1), in which all interests will be addressed.

SO ORDERED this 7th day of February, 2007.

    /s/ Edward J. Garcia
EDWARD J. GARCIA
United States District Judge

3